UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BROOKE BOND, individually and on
behalf of all others similarly situated

       Plaintiff,

v.                                              Case No: 2:18-cv-150-FtM-99CM

IDEAL COLLECTION SERVICES,
INC. and JOHN DOES 1-25,

       Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendant Ideal Collection Services, Inc.'s Motion to Dismiss (Doc. 10), and Plaintiff Brooke Bond's response in opposition (Doc. 14). For the following reasons, the Court denies Ideal's motion.

## BACKGROUND[2]

This case is about a debt collection letter that Ideal sent to Bond about her debt. (Doc. 1 at ¶ 23) The letter, dated April 14, 2017, reads as follows:

> Pursuant to Public Law 95-109, the Fair Debt Collections [sic] Practices Act, you have been notified of this debt and have been given ample time to make restitution on this account to

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The facts recited in this Opinion and Order are taken from the Complaint and are assumed true for purposes of deciding the City's motion to dismiss.

> our office. Therefore, if we do not receive your PAYMENT IN FULL WITHIN TEN (10) DAYS, we shall refer this case back to our client recommending that further action be taken against you. Consequently, this may result in an increase of your total indebtedness which may include one or more of the following fees where applicable by law: collection fees, court cost[s], filing and attorney fees.

(Doc. 1 at ¶¶ 24-25; Doc. 1-1). The letter's closing line says, "GOVERN YOURSELF ACCORDINGLY." (Doc. 1-1). Almost a year passed without Ideal bringing legal action against Bond. (Doc. 1 at ¶ 27).

Bond now sues Ideal for violating the Fair Debt Collection Practices Act ("FDCPA"). She has field a two-count Class Action Complaint, alleging Ideal's letter violated (1) 15 U.S.C. § 1692e because it was false or misleading; and (2) 15 U.S.C. § 1692f because it was an unfair or unconscionable means to collect a debt. (Doc. 1). Ideal moves to dismiss the Complaint. (Doc. 10).

## STANDARD OF REVIEW[3]

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a pleading for failure to state a claim upon which relief can be granted. This decision hinges on the *Twombly-Iqbal* plausibility standard, which requires a plaintiff to allege sufficient facts raising a reasonable inference "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[3] Although Ideal styles its motion as a "Motion to Dismiss or Motion for Summary Judgment," it makes no substantive summary judgment argument. Nor does it comply with the Court's procedures on motions for summary judgment. The Court thus considers Ideal's motion only as a motion to dismiss. To the extent the Court considers the debt collection letter here, it is not in a summary judgment context because the document is central to the underlying matter and its authenticity is not challenged. *See Tardif v. People for the Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2010 WL 3860733, at *2 (M.D. Fla. Sept. 29, 2010).

544, 556 (2007). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). But acceptance is limited to well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678. "[T]he-defendant-unlawfully-harmed-me accusation[s]" are insufficient. *Id.* at 677 (internal citations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*

## DISCUSSION

### A. Count I: False or Misleading Representations

In Count I, Bond argues that Ideal violated 15 U.S.C. §§ 1692e(2), (5), and (10) because the letter made an empty threat of legal action if she did not pay her debt within ten days. (Doc. 1 at ¶ 33). Ideal argues, however, the letter was not a false misrepresentation or a threat of immediate legal action, but merely said that it would refer the matter back to its client if Bond did not pay. (Doc. 10 at 3-4). Ideal also says that it does not know what follow up, if any, its client took after Ideal referred the matter. (Doc. 10 at 4). Because of the legal standard at this early stage of litigation, Count I survives dismissal.

Section 1692e of the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The section includes a non-exhaustive list of potential violations including the subsections that Bond alleges Ideal violated here. Specifically, § 1692e(2) says that a debt collector may not make a false representation about "the character, amount, or legal status of any debt." *Id.* § 1692e(2). And § 1692e(10) prohibits debt collectors from using "any false representation or deceptive means to collect or

3

attempt to collect any debt." *Id.* § 1692e(10). Courts examine §§ 1692e(2) and (10) through the lens of the "least sophisticated consumer," who is an individual with "a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193-94 (11th Cir. 2010). The least sophisticated consumer standard ensures the FDCPA protects naïve and astute consumers. *Id.* at 1194. But it is an objective test where the bounds of common sense and reasonable inferences prevent liability for "idiosyncratic interpretations of collection notices." *Id.*

Here, Bond claims the letter was "threatening, and coercive, and only used with the intent of scaring Plaintiff into making payment." (Doc. 1 at ¶ 26). Taking this allegation as true, a least sophisticated consumer may think the letter was a deceptive threat that Ideal or its client would take legal action if the debt was not paid within ten days. Although the letter does not expressly use the term "lawsuit" or some variation, it mentions "court cost [sic], filing and attorney fees" as possible consequences. (Doc. 1-1). That language could deceive a least sophisticated consumer to believe a lawsuit loomed after the ten-day period expired. *See, e.g.*, *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1306 (11th Cir. 2015) (finding documents with "false or deliberately ambiguous threats of future litigation" are misleading or deceptive in the traditional sense); *Jeter*, 760 F.2d at 1177 (finding at the summary judgment stage that it was plausible the least sophisticated consumer would interpret a debt collection letter as threatening legal action if the debtor did not pay within five days of receipt of the letter).

Also, Ideal's reliance on the letter's conditional language of "if" and "may" does not call for dismissal because, drawing all reasonable inferences in Bond's favor, the least-

sophisticated consumer could read the letter as threatening an immediate lawsuit after the ten-day grace period. (Doc. 1-1); *see, e.g., LeBlanc*, 601 F.3d at 1196 (denying summary judgment, in part, because the defendant "mistakenly relie[d] on the use of conditional language such as "if" and "may" in an effort to safeguard the letter from being construed as 'threatening'"). Also, Ideal cannot shift the blame onto its client as the entity who could take legal action against Bond. The FDCPA also protects consumers against the actions of debt collectors like Ideal. *See Jeter*, 760 F.2d at 1172 n. 1 (finding the defendant was a "debt collector" as defined under the FDCPA and its activities were thus regulated by the FDCPA).

Next, Bond argues that the letter violates 15 U.S.C. § 1692e(5), which prohibits debt collectors from threatening "to take any action that cannot legally be taken or that is not intended to be taken." (Doc. 1 at ¶ 33). The least sophisticated consumer standard plays no role in analyzing § 1692e(5) violations. *See Jeter*, 760 F.2d at 1175. Instead, the court analysis is twofold. The court considers "whether the language of the letter constitutes a threat." *LeBlanc*, 601 F.3d at 1193. If so, it then considers "whether the action threatened is one which could be legally taken." *Id.* "The subsection (5) issue is simply whether or not [the defendant] *intended* to take the action threatened. Thus, subsection (5) requires proof of a fact which amounts to a *per se* violation of § 1692e." *Jeter*, 760 F.2d at 1175. Assuming Ideal's letter threatened Bond, the Complaint plausible alleges that Ideal never had any intention of filing a lawsuit. (Doc. 1 at ¶¶ 27-28). And Ideal's lack of intent is substantiated by its failure to act for almost a year after Bond received the letter. (Doc. 1 at ¶ 27). Accepting these allegations as true, as the Court must, Bond's reliance on § 1692e(5) is plausible.

Accordingly, the Court denies Ideal's motion to dismiss as to Count I.

## B. Count II: Unfair or Unconscionable Attempt at Debt Collection

In Count II, Bond claims she is entitled to relief under § 1692f. (Doc. 1 at ¶¶ 34-35). That section states, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. And courts examine § 1692f under the least sophisticated consumer standard. *Leblanc,* 601 F.3d at 1201. Also, conduct running afoul of § 1692e may subject a defendant to liability under § 1692f. *See LeBlanc*, 601 F.3d at 1200.

Here, Bond alleges the letter was a threat for immediate legal action if she did not follow its demands. (Doc. 1 at ¶ 36). She contends the least sophisticated consumer would have construed this threat as an unfair or unconscionable attempt to scare her into paying a debt. (Doc. 1 at ¶¶ 26, 35-36). Ideal simply argues the letter does not facially violate the FDCPA. But Ideal's conclusory argument is not enough for dismissal.

At the pleading stage, the Court does not decide unfairness or unconscionability – only whether Bond pleaded a plausible claim under § 1692f. *See Iqbal*, 556 U.S. at 678. The plausibility of Bond's § 1692f claim depends, at least in part, on the plausibility of her § 1692e claims. If it was not plausible that Ideal falsely threatened Bond with action it had no intention of taking, then it is illogical to find the very same conduct to be unfair or unconscionable. *LeBlanc*, 601 F. 3d at 1200 n.31. Thus, because Bond's § 1692e claims are plausible, it may also be plausible that Ideal's debt collection practices are unfair or unconscionable. The Court, therefore, denies Ideal's motion to dismiss as to Count II.

Accordingly, it is

**ORDERED:**

Motion to dismiss for failure to state a claim (Doc. 10) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of August 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record